1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9

10   Carlos R. Rivera,                        )
                                              )
11                   Petitioner,              )      No. CV-06-2904-PHX-PGR (JI)
            vs.                               )
12                                            )
     Warden G. Fizer, et al.,                 )              ORDER
13                                            )
                     Respondents.             )
14                                            )

15          Having reviewed *de novo* the Report and Recommendation of Magistrate

16   Judge Irwin (doc. #12) in light of the petitioner's objections thereto set forth in his

17   Response to Petition for Writ of Habeas Corpus (doc. #13), the Court finds that

18   the Magistrate Judge correctly concluded that the petition should be dismissed,

19   and that the petitioner's arguments to the contrary are meritless as a matter of

20   law.

21          The petitioner, relying on Blakely v. Washington, 542 U.S. 296 (2004),

22   alleges in his first ground for relief that his sentence was imposed in violation of

23   the Sixth Amendment because the factors used to aggravate his sentence were

24   determined by the sentencing judge and not a jury.   In determining that this

25   properly exhausted claim should be denied on its merits, the Court need not

26   decide whether the petitioner's conviction became final before Blakely, as the

1   respondents argue based on the date of the petitioner's sentencing after his plea

2   agreement, or after Blakely, as determined by the Magistrate Judge, and the

3   Arizona Court of Appeals, based on the date of the completion of the petitioner's

4   "of-right" petition for post-conviction relief.  Assuming, without deciding, that

5   Blakely is applicable to this action, the Court agrees with the Magistrate Judge

6   that the decision of the Arizona Court of Appeals that Blakely did not prevent the

7   imposition of aggravating sentences in this action was neither contrary to, nor an

8   unreasonable application of, clearly established Supreme Court precedent. This

9   is so because this action falls within a recognized exception to Blakely given that

10  the record establishes that the petitioner admitted to the facts that the sentencing

11  judge used to aggravate his sentence, *i.e.* that he shot multiple victims.

12       The petitioner alleges in his second ground for relief that his trial counsel

13  was ineffective for failing to object to the sentencing error caused by the

14  sentencing judge's determination of the aggravating factors used to enhance his

15  sentence.  The Court agrees with the Magistrate Judge that this claim must be

16  dismissed because the petitioner did not properly exhaust it before the Arizona

17  Court of Appeals, has not shown cause for, nor prejudice arising from, his

18  procedural default, and does not assert that he is factually innocent of the

19  charges for which he was convicted.[1]  Therefore,

20       IT IS ORDERED that the Magistrate Judge's Report and Recommendation

21

22       [1]

23       The Court rejects the petitioner's conclusory argument that his lack of
    access to legal reference materials or to legal assistance while incarcerated
24  constitutes cause for his failure to properly raise this federal habeas claim in the
    state court.  *See* Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th
25  Cir. 1986) (Court held that an illiterate prisoner's lack of legal assistance in prison
    does not constitute cause for a procedural default.)
26

1   (doc. #12) is accepted and adopted by the Court.

2        IT IS FURTHER ORDERED that the petitioner's Petition for Writ of Habeas

3   Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 is denied and

4   that this action is dismissed with prejudice.  The Clerk of the Court shall enter

5   judgment accordingly.

6        DATED this 12th day of October, 2007.

7

8

9

                    Paul G. Rosenblatt
10                   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26